UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CURTISE V. BUFFORD,

                 Petitioner,

v.

MICHAEL DITTMANN,

                 Respondent.

Case No. 13-CV-711-JPS

ORDER

The petitioner, Curtise Bufford, filed his petition in this *habeas corpus* matter on June 24, 2013. (Docket #1). The Court screened Mr. Bufford's petition, identifying some potential statute of limitations issues, but chose not to dismiss the matter, and directed the respondent (whom the Court will refer to as "the state") to file an answer. (Docket #4). The state filed its answer on September 10, 2013. (Docket #18). Thereafter, Mr. Bufford filed a supporting brief to which the state responded. (Docket #21, #22). Thus, the matter is now fully briefed, and the Court turns to addressing Mr. Bufford's petition.

1.     BACKGROUND

Mr. Bufford is currently serving two separate sentences stemming from two separate cases, both of which led to drug convictions. (*See* Docket #18, Exs. A, B). Mr. Bufford's petition concerns only the first of those cases: Walworth County Circuit Court Case No. 2005-CF-293 (Docket #18, Ex. A), in which Mr. Bufford was charged with manufacture/delivery of cocaine, possession of THC, and possession of cocaine with intent to deliver. (Docket #18, Ex. A).

Prior to trial, Mr. Bufford moved for suppression of the evidence against him. (*See* Docket #18, Ex. E, at 2; Docket #18, Ex. C, at 4–7).

Specifically, Mr. Bufford challenged the basis for the issuance of a search warrant that permitted a confidential informant to perform a controlled buy at a subject residence. (Docket #18, Ex. C, at 2, 5). After the controlled buy, officers made arrests and gathered evidence from the residence. (Docket #18, Ex. C, at 2). When the prosecutor tried to use that evidence against Mr. Bufford at trial, Mr. Bufford moved to suppress it. (*See* Docket #18, Ex. C, at 4–7). Specifically, he argued that the search warrant was not supported by probable cause. (*See* Docket #18, Ex. C, at 4–7).

The trial judge denied Mr. Bufford's motion to suppress, and the trial against him moved forward. (*See* Docket #18, Ex. E, at 2).

In the end, a jury found Mr. Bufford guilty on all three counts against him. He received sentences of eight years, six years, and twenty-two years, respectively, on those three counts, with the sentences to run concurrent with one another. (Docket #18, Ex. A).

Mr. Bufford appealed his conviction. (Docket #18, Exs. C, E). On appeal, he again raised an argument that the warrant was not based upon probable cause. (Docket #18, Ex. C, at 4–7).

On February 11, 2009, the Wisconsin Court of Appeals was not persuaded by Mr. Bufford's argument, and accordingly affirmed the circuit court's judgment. (Docket #18, Ex. E, at 2–3).

Through his attorney, Michael Burr, Mr. Bufford petitioned the Wisconsin Supreme Court to review his case. (Docket #18, Ex. F). He requested that the Wisconsin Supreme Court review the same argument regarding lack of probable cause that would support a search warrant. (Docket #18, Ex. F, at 3–8).

On June 16, 2009, the Wisconsin Supreme Court declined to review Mr. Bufford's case in a one-sentence order. (Docket #18, Ex. G).

Mr. Bufford did not take any action for approximately three years after receiving the Wisconsin Supreme Court's order. Then, on December 6, 2012, Mr. Bufford filed a petition, pursuant to *State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992), in the Wisconsin Court of Appeals, asserting that his counsel was ineffective on appeal. (Docket #18, Ex. H). Specifically, Mr. Bufford argued that counsel had never informed him of the Wisconsin Supreme Court's order, which in turn prevented him from timely filing a federal *habeas corpus* petition. (Docket #18, Ex. H).

The Wisconsin Court of Appeals denied this request for relief, holding that it lacked jurisdiction to hear Mr. Bufford's *Knight* petition. (Docket #18, Ex. I). The Wisconsin Court of Appeals stated that, "ineffective assistance of counsel on a petition for review is not conduct within the scope of [its] jurisdiction," and went on to suggest that Mr. Bufford file a petition directly with the Wisconsin Supreme Court, in which he could request that the Wisconsin Supreme Court reissue its June 16, 2009 order, so as to allow Mr. Bufford to timely proceed on a federal *habeas corpus* petition. (Docket #18, Ex. I, at 2 (citing *State ex rel. Schmelzer v. Murphy*, 195 Wis. 2d 1, 7, 535 N.W.2d 459 (Ct. App. 1995); *State ex rel Schmelzer v. Murphy*, 201 Wis. 2d 245, 255–56, 548 N.W.2d 45 (1996)).

Mr. Bufford accepted the Wisconsin Court of Appeals' invitation, and filed a petition before the Wisconsin Supreme Court. (Docket #18, Ex. J). The Court of Appeals denied his petition on May 13, 2013. (Docket #18, Ex. M).

Thereafter, Mr. Bufford filed this action on June 24, 2013. (Docket #1). The Court screened his petition on July 8, 2013, and noticed that there were

substantial issues regarding whether Mr. Bufford's petition is timely, seeing as he filed his petition nearly four years after the Wisconsin Supreme Court's order denying review on appeal was issued. (Docket #4). Nonetheless, recognizing that the time to file may have been tolled under the circumstances at hand, the Court determined that the best course of action was to allow the state to address the issue of timeliness, along with any other substantive issues, in its answer and briefs. (Docket #4). Accordingly, the Court put a briefing schedule in place. (Docket #4). The parties have now filed the requested answer (Docket #18) and briefs (Docket #21, #22), and the matter is ready for a decision.

2.     DISCUSSION

Before turning to those substantive issues, the Court must first address the threshold issue of timeliness. Under Supreme Court precedent, the state may waive its statute of limitations defense, so as to allow the Court to address the merits of the petition. *Wood v. Milyard*, --- U.S. ----, 132 S.Ct. 1826, 1830 ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense.") (citing *Grandberry v. Greer*, 481 U.S. 129, 134 (1987); *Day v. McDonough*, 547 U.S. 198, 202, 210, n.11 (2006)). The state has done precisely that, here. Likewise, Mr. Bufford exhausted all of his state remedies on both of his claims, raising them before the Wisconsin Court of Appeals and Wisconsin Supreme Court, and raised them in the proper manner, so as to avoid procedural default. Therefore, the Court may address the merits of Mr. Bufford's petition.

Mr. Bufford raises two substantive issues in his petition: first, whether the warrant was illegal as not being based on probable cause (Docket #1, at 6–7; Docket #21, at 1–9); and, second, whether his appellate counsel was

ineffective for allegedly failing to timely advise him of the Wisconsin Supreme Court's answer (Docket #1, at 7–8; Docket #21, at 10–21).

### 2.1 Warrant Claim

Because the state courts have already addressed the merits of Mr. Bufford's constitutional claim regarding the issuance of a warrant in this case, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), applies to cabin the discretion of the Court to review Mr. Bufford's conviction. 28 U.S.C. § 2254(d)(1); *Searcy v. Jaimet*, 332 F.3d 1081, 1087 (7th Cir. 2003). Specifically, the Court may not grant *habeas corpus* relief unless it first determines that the state court decision contained an unreasonable application of Supreme Court precedent or was based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d); *Barrow v. Uchtman*, 398 F.3d 597, 603 (7th Cir. 2005); *Williams v. Taylor*, 529 U.S. 362, 376 (2000). In making this determination, the Court must look to the Wisconsin Court of Appeals' decision, as that is the last state court decision to address the merits of Mr. Bufford's warrant claim. *Harris v. Thompason*, 698 F.3d 609, 623 (7th Cir. 2012); *Charlton v. Davis*, 439 F.3d 369, 374 (7th Cir. 2006) (citing *McFowler v. Jaimet*, 349 F.3d 436, 446 (7th Cir. 2003)). Mr. Bufford bears the burden to establish that the Wisconsin Court of Appeals' decision was unreasonable, which is a higher standard than simply showing error; the Court will not find this standard satisfied unless the state court's opinion falls outside of the "'boundaries of permissible differences of opinion.'" *Bynum v. Lemmon*, 560 F.3d 678, 683 (quoting *Jackson v. Frank*, 348 F.3d 658, 662 (7th Cir. 2003); citing *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003); *Bell v. Cone*, 535 U.S. 685, 694 (2002); *Gilbert v. Merchant*, 488 F.3d 780, 790 (7th Cir. 2007); *Goodman v. Bertrand*, 467 F.3d 1022, 1026 (7th Cir. 2006); *Barrow*, 398 F.3d at 603).

Moreover, where a petitioner raises a Fourth Amendment claim in a *habeas corpus* petition, as Mr. Bufford has done here, the Court should deny relief so long as the state court provided the petitioner "'an opportunity for full and fair litigation' of his claim," requiring only that the petitioner: (1) clearly informed the state court of the basis for his claim; and (2) the state court carefully and thoroughly analyzed the facts and applied proper constitutional case law to the facts. *Terry v. Martin*, 120 F.3d 661, 663 (7th Cir. 1997) (quoting *Stone v. Powell*, 428 U.S. 465, 482 (1976); *Pierson v. O'Leary*, 959 F.2d 1385, 1391 (7th Cir. 1992)). In analyzing this issue, the Court should not second-guess the state court's judgment, but instead merely assure itself that the state court "looked to the right body of case law, and rendered an intellectually honest decision." *Monroe v. Davis*, 712 F.3d 1106, 1114 (7th Cir. 2013) (citing *Hampton v. Wyant*, 296 F.3d 560, 562 (7th Cir. 2002); *Miranda v. Leibach*, 394 F.3d 984, 997 (7th Cir. 2005)). However, even where there is an error in the state court proceedings, those proceedings may still be considered "full and fair." *Monroe*, 712 F.3d at 1115 (even where state trial court had provided an erroneous statement of material fact, the petitioner received a full and fair hearing, because the appellate court corrected that mistake and relied on appropriate body of law).

Against this highly deferential backdrop, the Court simply cannot conclude that Mr. Bufford is entitled to relief. To begin, Mr. Bufford does not even argue that the state courts erred in any way in their discussion of the facts. Nor can the Court find any erroneous statement of fact by any of the state courts. Therefore, the Court cannot find that the state proceedings were unreasonable in any way based on a factual issue.

In reality, it seems that the main thrust of Mr. Bufford's argument is his assertion that the state courts made incorrect legal determinations in finding that probable cause existed to support the warrant in question. (Docket #21, at 1–9). But he finds no more traction in making this argument. The Wisconsin Court of Appeals relied on a robust and appropriate body of case law. (*See* Docket #18, Ex. E (citing, among others, *State v. Jones*, 2002 WI App 196, ¶ 10, 257 Wis. 2d 319, 651 N.W.2d 305; *State v. Higginbotham*, 162 Wis. 2d 978, 989, 471 N.W.2d 24 (1991)) (both of which, themselves, are still cited regularly in Wisconsin criminal cases regarding probable cause and cite to relevant and appropriate Supreme Court authority (*e.g. Illinois v. Gates*, 462 U.S. 213, 238 (1983); *United States v. Leon*, 468 U.S. 897 (1984))). The Seventh Circuit, in *Monroe*, found that where the state court "looked to the appropriate body of case law in resolving" the petitioner's Fourth Amendment claim, the petitioner received a full and fair hearing. *Monroe*, 712 F.3d at 1116. In fact, there was absolutely no error in this case, whereas there was some error in early state court proceedings in *Monroe.*

Thus, given that the Seventh Circuit found that it was precluded from hearing the merits of the petitioner's claim in *Monroe*, the Court is likewise barred from hearing the merits of Mr. Bufford's Fourth Amendment claim, here, under the teachings of *Stone. Monroe*, 712 F.3d at 1116 (citing *Stone*, 428 U.S. at 482). The Court must accordingly deny Mr. Bufford's request for a petition on this ground.

2.2     Ineffective Assistance of Counsel Claim

The state courts never addressed the merits of Mr. Bufford's ineffective assistance of counsel claim, so that claim is not subject to the highly-deferential standards discussed above. Nonetheless, even without

applying that deferential standard, the Court is obliged to determine that Mr. Bufford's ineffective assistance of counsel claim is without merit.

Mr. Bufford claims that his appellate counsel was ineffective. (Docket #21, at 10–21). He makes one specific allegation in this regard: that, after the Wisconsin Supreme Court issued its June 16, 2009 order declining to review the Wisconsin Court of Appeals' decision upholding Mr. Bufford's conviction on appeal, his attorney never forwarded him a copy of that decision. (Docket #21, at 10–21).

"To demonstrate that the right to counsel was violated by ineffective assistance, a person challenging a conviction must meet the familiar two part standard set forth in *Strickland.*" *McElvaney v. Pollard*, 735 F.3d 528, 533 (7th Cir. 2013) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). *Strickland*'s two part test requires Mr. Bufford to show that: (1) his counsel acted in a way that falls below an "'objective standard of reasonableness,' informed by 'prevailing professional norms'"; and (2) that deficient performance prejudiced him in some way, "meaning that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *McElvaney*, 735 F.3d at 532 (quoting *Strickland*, 466 U.S. at 688).

Even assuming that Mr. Bufford's counsel failed to provide him with a copy of the Wisconsin Supreme Court's order[1] *and* that such failure was deficient,[2] the Court would still be obliged to conclude that Mr. Bufford

---

[1] The Court notes that there is some evidence that, in fact, Mr. Bufford's counsel *did* provide Mr. Bufford with a copy of this document.

[2] The Court makes no ruling at this time on whether this action would be deficient, because the Court may resolve this matter on the second *Strickland* prong.

Page 8 of 11

cannot satisfy the second *Strickland* prong. He cannot demonstrate prejudice. To begin, while Mr. Bufford may have argued that the alleged late notification stripped him of his ability to file a timely *habeas* petition, that argument is rendered moot by the fact that the state has acquiesced to allow this case to proceed, despite any statute of limitations issues. Indeed, the Court is hearing this case, and is addressing all of Mr. Bufford's arguments. The alleged late notice, therefore, did not actually prejudice Mr. Bufford as it relates to his ability to file a federal *habeas* proceeding. If, perhaps, Mr. Bufford believes that his ability to file a state *habeas* proceeding was somehow cut off by the late notification, that argument is belied by the fact that the Wisconsin Court of Appeals and the Wisconsin Supreme Court both considered Mr. Bufford's *Knight* petition. (Docket #18, Ex. I; Docket #18, Ex. M). The only other potential prejudice that the Court can envision is that late notification may have prevented Mr. Bufford from timely filing a petition for *certiorari* to the Supreme Court. Mr. Bufford does not argue that he ever planned to do so, but even if he had planned to do so, there is no "reasonable probability" that the Supreme Court would have accepted the case, let alone reversed the Wisconsin Court of Appeals' decision. As mentioned above, the Wisconsin Court of Appeals' decision is based upon a body of case law that finds its support in still-valid Supreme Court cases. Moreover, there was no flaw in the Wisconsin Court of Appeals' analysis that would invite appellate review. Therefore, the Court finds that—whatever prejudice Mr. Bufford may be attempting to assert—there is no "reasonable probability" that the proceeding would have come out in any different way. Therefore, the Court is obliged to conclude that Mr. Bufford cannot satisfy the second *Strickland* prong.

Thus, he fails to establish ineffective assistance of counsel, and the Court must deny his petition for *habeas* relief as to his ineffective assistance of counsel claim.

3. CONCLUSION

Having determined that both of Mr. Bufford's claims fail, the Court is obliged to deny his petition.

Finally, under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), the petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). While Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should be issued, additional arguments are not necessary here. As discussed extensively, above, there is more than ample reason to determine that Mr. Bufford's claims are without merit. No reasonable jurist would find it debatable that Mr. Bufford's's petition fails to make any showing—let alone a substantial showing—of a violation of a constitutional right. As a consequence, the court must deny a certificate of appealability as to the petitioner's petition.

Accordingly,

IT IS ORDERED that the petitioner's petition for a writ of *habeas corpus* (Docket #1) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that a certificate of appealability as to the petitioner's petition be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that this action be and the same is hereby DISMISSED with prejudice.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of December, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge